UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | No. 3:09-cr-00262-2 |
| | ) | Judge Campbell |
| **ROBERT HALEY [2]** | ) | |

**ORDER OF FORFEITURE CONSISTING OF
$14,784,983.35 UNITED STATES CURRENCY
MONEY JUDGMENTS AS TO COUNTS ONE, TWO, FIVE AND TWELVE**

Based on the representations and agreements of the Government and Defendant Robert Haley at the plea hearing in this matter and as evidenced by the Plea Agreement entered into between the parties, the Court finds as follows:

**WHEREAS**, on July 27, 2011, the Government filed a sixteen count Superseding Indictment charging Defendant Robert Haley, in pertinent part, with violations of 18 U.S.C. § 371 conspiracy to commit securities fraud, mail fraud and wire fraud (Count One); 15 U.S.C. §§ 78j(b) and 78ff and 17 C.F.R. § 240.10b-5 securities fraud (Count Two); 18 U.S.C. § 1341 mail fraud (Count Five); and 18 U.S.C. § 1956(a)(1)(A)(i) money laundering (Count Twelve);

**WHEREAS,** the forfeiture allegation of the Superseding Indictment gave notice pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) that, in pertinent part, upon conviction Count One, Two, Five, and/or Twelve, Defendant Robert Haley shall forfeit any all proceeds of the scheme or artifice to defraud, and if said proceeds were unavailable, then a money judgment would enter in the amount of at least $18 million which represents proceeds of the offenses in Counts One through Fifteen;

**WHEREAS,** the forfeiture allegation of the Superseding Indictment also gave notice to Defendant Robert Haley that in the event the $18 million in proceeds, as a result of any act or omission of **ROBERT HALEY**:

  a. cannot be located upon the exercise of due diligence;
  b. has been transferred or sold to, or deposited with, a third party;
  c. has been placed beyond the jurisdiction of the court;
  d. has been substantially diminished in value; or
  e. has been commingled with other property that cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property and intends, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1) and 28 U.S.C. § 2461(c), to seek forfeiture of any other property of Defendant Robert Haley up to $18 million;

**WHEREAS**, Defendant Robert Haley has entered into a Plea Agreement with the United States wherein he has pled guilty to Counts One, Two, Five and Twelve of the Superseding Indictment;

**WHEREAS,** Defendant Robert Haley agreed to the entry of a forfeiture judgment in the amount of $14,784,983.35 United States currency corresponding to the forfeiture allegation in the Superseding Indictment in the amount of restitution determined by the Court because these funds were obtained directly or indirectly as a result of the conduct alleged in Counts One, Two, Five, and Twelve of the Superseding Indictment, and which constitute or are derived from proceeds traceable to each violation;

**WHEREAS,** as a result of Defendant Robert Haley's own act(s) or omission(s), the $14,784,983.35 in proceeds obtained as a result of the conduct alleged in Counts One, Two, Five, and Twelve of the Superseding Indictment, either cannot be located upon the exercise of due diligence; have been transferred or sold to, or deposited with, a third party; have been placed beyond the jurisdiction of the court; have been substantially diminished in value; or have been

commingled with other property that cannot be divided without difficulty; and as a result, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1) and 28 U.S.C. § 2461(c), the United States is entitled to forfeiture of substitute property.

Now, therefore, based upon the signed Plea Agreement, this Court makes the following findings:

1. There is a preponderance of the evidence that the proceeds of the scheme to defraud as set forth in the offenses to which Defendant Robert Haley has pled guilty in this matter are $14,784,983.35.

2. $14,784,983.35 is subject to forfeiture because these funds were obtained directly or indirectly as a result of the conspiracy and scheme to defraud as charged in Counts One, Two, Five, and Twelve of the Superseding Indictment, and which constitutes or is derived from proceeds traceable to each violation.

3. As a result of Defendant Robert Haley's act(s) or omission(s), the $14,784,983.35 in proceeds obtained as a result of the conspiracy and scheme to defraud to which Defendant Robert Haley has pled guilty, either cannot be located upon the exercise of due diligence; have been transferred or sold to, or deposited with, a third party; have been placed beyond the jurisdiction of the court; have been substantially diminished in value; or have been commingled with other property that cannot be divided without difficulty; and as a result, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1) and 28 U.S.C. § 2461(c), the United States is entitled to forfeiture of substitute property up to $14,784,983.35.

NOW THEREFORE it is hereby **ORDERED, ADJUDGED AND DECREED** that:

A. An Order of Forfeiture Consisting of Money Judgments in the amount of $14,784,983.35 United States currency ("Order of Forfeiture") is hereby taken against Defendant

Robert Haley as to Counts One, Two, Five, and Twelve. Pursuant to Federal Rule of Criminal Procedure, Rule 32.2(b)(4), the Order of Forfeiture consisting of Money Judgments shall become immediately final as to the defendant, by his consent, and shall be made part of the sentence and included in the judgment. Pursuant to Rule 32.2(c)(1), ". . . no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment."

  B. The United States may engage in discovery in the manner in which discovery is authorized by the Federal Rules of Civil Procedure in an action or claim for a debt to identify additional substitute assets having a value up to $14,784,983.35 United States currency as authorized by 28 U.S.C. §§ 3001(a)(1) and 3015 *et seq.* and by Federal Rule of Criminal Procedure, Rule 32.2(b)(3).

  C. The United States Probation and Pretrial Services will provide the Defendant's Presentence Report and all supporting documentation to the Asset Forfeiture Unit of the United States Attorney Office for use in discovery.

  D. The Internal Revenue Service will provide the Defendant's Tax Returns for the years 2003 through 2013 to the Asset Forfeiture Unit of the United States Attorney Office for use in discovery.

  E. The United States may, at any time, move pursuant to Rule 32.2(e) to amend this Order of Forfeiture consisting of $14,784,983.35 Money Judgments as to Counts One, Two, Five, and Twelve to include substitute property having a value not to exceed in total $14,784,983.35 United States currency to satisfy the Money Judgments in whole or in part.

  F. Upon payment of either Money Judgment in full, the United States shall file a satisfaction of judgments as to both money judgments with the District Court and the appropriate clerk of the county in which any transcript or abstracts of the judgments have been filed.

G. Insofar as the Order of Forfeiture is not satisfied, and a sum of money is still owed, then Defendant shall remain personally liable pursuant to this Order of Forfeiture, which will continue in full effect until payment of the total amount of $14,784,983.35 United States currency plus statutory interest is made in full as to either money judgment.

H. The Court shall retain jurisdiction to enforce this Order and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

**IT IS SO ORDERED** this ____ day of _____, 2014.

*Todd Campbell*
TODD J. CAMPBELL
United States District Judge